CASE 78.—ACTION BY CHARLES PHILLIPS' ADMINISTRA-
TOR AGAINST THE LOUISVILLE WATER COM-
PANY FOR DAMAGES FOR CAUSING THE DEATH
OF PLAINTIFF'S INTESTATE.—Dec. 7, 1906.

## Louisville Water Company v. Phillips' Admr.

Appeal from Jefferson Circuit Court (Common
Pleas Branch.)

Judgment for plaintiff and defendant appeals—
Affirmed.

1.  Master and Servant—Act of Servant—Injury to Third Per-
    son.—Evidence in an action for the death of a person by
    the reckless driving of another, examined, and held to war-
    rant a finding that the driver of the vehicle was an employe
    of defendant and that the vehicle was its property.
2.  Appeal—Verdict—Conclusiveness.—A verdict cannot be dis-
    turbed on appeal unless it is unsupported by, or is against
    the evidence, or has been superinduced by passion or preju-
    dice on the part of the jury.
3.  Master and Servant—Wrongful Acts of Servant—Injury to
    Third Person—Instructions.—An instruction in an action for
    death of a person by the reckless driving of another, that
    if defendant's servants 'while in the service of defendant"
    through their negligence caused a wagon in their control
    to run against decedent, causing his death, a verdict for
    plaintiff should be rendered, was not open to objection that
    it authorized a verdict without finding that the servants were
    at the time of the accident engaged in the performance of
    their duties.
4.  Appeal—Estoppel to Allege Error—Instructions.—A party
    cannot complain of an instruction given by the lower court,
    after requesting one of substantially the same meaning.
5.  Master and Servant—Act of Servant—Injury to Third Per-
    son.—Where, in an action for the death of a person, by the
    reckless driving of another, defendant merely attempted to
    disprove the contention that decedent was killed by its
    servants, without giving any evidence proving that, if the
    killing was done by its servants, it was not done    when

engaged in its business, and plaintiff proved that defendant's inspector was the person who drove over decedent, and that the vehicle was the vehicle of defendant, and it was shown that the inspector's vehicle was never used, except in the service of the company, a prima facie case authorizing a recovery was established, and an instruction that, if decedent was killed by the inspector, who was pursuing his own ends exclusively, defendant was not responsible, was properly refused.

6. Appeal—Review of Instructions.—The Appellate Court will not review the action of the court in giving or refusing instructions, unless the error complained of is made a ground for a new trial.

7. Death—Action for Death—Excessive Damages.—In an action for the negligent death of a person, the proof showed that decedent was 49 years old at the time of his death, that he was a man of vigorous health, with a life expectancy of 21 years, and that he was earning from $8 to $8.50 per week. Held, that a verdict for $5,000 was not excessive.

BURNETT & BURNETT for appellant.

A. SCOTT BULLITT, JACOB SOLINGER and THOMAS W. BULLITT for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Charles Phillips, a man of color, was knocked from a bicycle by a vehicle at the corner of Broadway and Preston streets, in the City of Louisville, and so injured thereby as to cause his death. The vehicle by which he was injured contained two persons and was drawn by a single horse, which at the time of the collision was being driven at an unusual and dangerous rate of speed. As the vehicle passed along Broadway towards Preston street the intestate was riding his bicycle some distance ahead of it, keeping near the sidewalk and in plain view of the occupants of the vehicle until it overtook and ran against him, which occurred as he was in the act of turning into Preston street for the purpose, doubtless, of avoiding the collision. His injuries

were received about 7 o'clock on the evening of August 25, 1903. Shortly after the collision this action against appellant, the Louisville Water Company, was instituted by appellee, Andrew M. Sea, Jr., as administrator of the decedent's estate, to recover damages for his death; it being alleged in the petition, in substance that the vehicle which injured and killed him was the property of appellant, and that one of its servants then in charge thereof and attending to appellant's business with gross negligence drove it against the intestate and thereby inflicted the injuries of which he died. The answer of appellant contains two paragraphs. In the first it was denied that the intestate's injuries or death were caused by appellant's vehicle, or the negligence of any of its agents or servants. The second paragraph pleaded contributory negligence on the part of the intestate, which was denied by the reply. The trial resulted in a verdict and judgment in favor of appellee for $5,000 in damages. A new trial was refused appellant by the lower court, and the case is now before us for a review of the judgment and correction of such errors appearing in the record as may properly be considered.

Appellant's first contention is that the trial court should have sustained its motion for a peremptory instruction. We do not think a peremptory instruction would have been proper. Indeed, it never is proper when there is any evidence to sustain the plaintiff's cause of action. The evidence presented by the record in this case convincingly manifests the gross negligence of the driver of the vehicle by which the intestate was killed and the entire absence of contributory negligence on the part of the latter. In addition to the facts connected with

the infliction of the injuries of which the intestate died, to which we have already referred, the evidence also shows that the driver of the vehicle realized at the time that his conduct in running the intestate down was inexcusable, not to say wanton; for, instead of stopping to ascertain the injury inflicted or to assist the injured man, he put whip to the horse and drove on at increased speed, as if to escape identification. It is, however, argued by counsel that the testimony did not identify the driver of the vehicle as an employe of the appellant, or the vehicle as its property. An examination of the bill of evidence will show that at least three of appellee's witnesses, Herman Hüber, J. S. Miller and Sam Stokes, identified the vehicle as that owned by the appellant and used by its "inspector." It is admitted that John Long, son of appellant's president, was then its "inspector," and Huber, one of the witnesses who identified the vehicle as that of appellant, also testified in substance that he had often seen John Long, the water inspector, driving in that buggy, and that the driver who ran it against Phillips looked like Long. The witness Miller, who had been in appellant's employ as inspector for five or six years, and quit its service about a year before the accident, testified that he saw John Long on the evening of the accident and in a square and a half of where it occurred; that Long was then driving rapidly up Broadway toward Preston in the vehicle identified by the witnesses Huber and Stokes as the one owned by appellant and used by its inspector. The following quotation from Miller's testimony will show the positiveness with which he claimed to be able to identify both the vehicle and driver: "I saw John, and I knew the rig, and then I heard the gong

(attached to the vehicle). Of couse, I knew the rig. I had seen it every day or two." Miller further testified that, a few minutes after he saw John Long driving as indicated, he went to a drug store at the corner of Broadway and Preston streets, and there learned of. the injuries sustained by Phillips. No proof was made as to the identity of the other .occupant of the vehicle.

Appellant introduced quite a number of witnesses, by some of whom it proved that it was the duty of the inspector to see to the repairing of all leaks and other defects in the water pipe, hydrants, mains, etc., that he was called on at all hours to attend to such matters, and in doing so drove in a vehicle furnished by appellant for that purpose; but that the records kept by appellant of such work do not show that any work was done or needed in the vicinity of Preston and Broadway on the day of the accident. Appellant also proved by John Long that he did not drive over Phillips or inflict upon him the injuries of which he died; that he was not at or near the place of the accident at the time or day of its occurrance; that he did not take the buggy used by him as inspector out of the stable on the day of the accident after 6 o'clock p. m., or authorize any one to do so; and that he and his father, C. R. Long, left their office at 7 o'clock p. m., at the time and on the day of the accident, and walked together as far as Second and Broadway, where they separated, each going to his own home. C. R. Long corroborated his son in all essential particulars. Another of appellant's witnesses, P. S. Ray, testified that he was a dealer in buggies, carriages, and other vehicles, and that he sold appellant the vehicle used by its inspector, which he described substantially as appel-

lee's witnesses had described the one that was driven over Phillips. Ray further testified that he had sold quite a number of buggies like that of the inspector, and that several of them were in daily use by their owners in Louisville at the time Phillips was killed. Thus it will be seen that, though the evidence was contradictory and much of it apparently irreconcilable, there was some evidence to sustain the affirmative of every question of fact essential to a recovery, and it was the province of the jury to determine in whose favor it preponderated. Issues of fact are not always decided by a jury in behalf of the party producing the greater number of witnesses, or in accordance with the weight of the evidence; but, while this is true, their finding cannot, in the absence of error on the part of the trial court, be disturbed by this court on appeal, unless it is wholly unsupported by or is flagrantly against the evidence, or has been superinduced by passion or prejudice on the part of the jury.

It is further contended by counsel for appellant that instructions 1 and 2 given by the trial court were improper, and that certain instructions offered by it were improperly refused. Instructions 1 and 2 are as follows: "(1) If you shall believe from the evidence that the defendant's agents or servants, or any of them, while in the service of the defendant, by or through their negligence caused a wagon or buggy in their control and management to run against plaintiff's intestate, Charles Phillips, on the occasion in the evidence referred to, and that the said Charles Phillips thereby received the injuries which resulted in his death, then the law is for the plaintiff, and the jury should so find, unless they should further believe from the evidence that the said Charles

Phillips, plaintiff's decedent, failed at the time to exercise ordinary care for his own safety and by such failure on his part so far contributed to his injury that but for it would not have been injured, in which latter event the law is for the defendant, and you should so find. (2) But unless you shall believe from the evidence that the agents and servants of the defendant, or some of them, were in the defendant's service and in charge of the wagon or buggy by which the collision which resulted in the injury to plaintiff's decedent was caused, and that by negligence on their part, or upon the part of one of them, they caused the buggy to collide with the plaintiff's decedent, and thereby caused the injury which resulted in his death, the law is for the defendant, and the jury should so find. Or if you should believe from the evidence that the plaintiff's decedent failed on the occasion in question to exercise ordinary care for his own safety, and by such failure on his part so far contributed to his injury that, but for it, he would not have been injured, the law is for the defendant and you should so find.''

The objection made to these instructions is that it is said they authorized the jury to find for appellee upon the state of facts therein predicated, if Phillips was injured and his death caused by the negligence of any of appellant's servants ''while in the service,'' whereas, they should, it is claimed, further have told the jury that, to render appellant liable, such servants should, at the time of driving over Phillips, have been engaged in the business of appellant, or in the performance of some duty in the line of apparent scope of his (the servant's) employment. Though the addition of the words above suggested would perhaps have simplified the meaning

of the instructions in question, we are not inclined to think them misleading. Considering each of these instructions as a whole, we think the words "while in the service of the defendant, "as therein used, were accepted by the jury in their common sense meaning; that is, that the words "while in the service" mean in the act of serving defendant, viz: acting on its business at the time of the accident. In any event appellant was not prejudiced by these instructions, as it asked the court to give an instruction, marked "X," which in substance would have advised the jury that, in order to find for appellee, they must believe from the evidence that he was injured by a servant of appellant who was at the time engaged "in serving the master, the defendant." Appellant cannot object in this court to an instruction given by the lower court, after asking of that court an instruction of substantially the same meaning.

Appellant complains that the lower court refused to give instruction X, the first clause of which we have already commented on. Had this instruction been given, the remainder of it would have told the jury that if they believed, from the evidence, the intestate was injured by the inspector or servant of appellant, who "was at liberty from the service, and pursuing his own ends exclusively, the defendant is not responsible." This was in substance and meaning but the converse of what is contained in instructions 1 and 2 given by the court, and we are of opinion that it would have been misleading, because it would have presented an issue in support of which no proof was offered by appellant. Its only effort on the trial was to disprove the contention of appellant that the intestate was killed by its

servants, and no testimony was offered by it to prove who the guilty party was, or that, if done by its servants, he was not then engaged in the business of appellant. Upon the other hand, appellee's testimony, which was obviously accepted by the jury, identified John Long, appellant's inspector, as the person who drove over and killed the intestate, and the buggy with which it was done as that of appellant. Add to this testimony of C. R. and John Long that the inspector's buggy was never used, with their knowledge, "except in the service of the company," and the facts raised the presumption that the servant in his use of the buggy was acting in the performance of some duty in the line of his employment, or the apparent scope of such employment. This prima facie case entitled appellee to a verdict, in the absence of evidence on the part of appellant conducing to show that its employe was at the time of the accident acting independently of the master and not in the apparent scope of his employment. Williams' Administrator v. Southern Ry. Co., 115 Ky. 322, 73 S. W. 779; Mulvehill v. Bates (Minn.), 17 N. W. 959, 47 Am. Rep. 796; Counsins v. Hannibal R. R. Co., 66 Mo., 572; Birnbaum v. Lord (City Ct. N. Y.), 28 N. Y. Sup. 17.

We have not considered the objection, made in the brief of appellant's counsel, to the ruling of the trial court in refusing certain other instructions offered by it, as such ruling was not relied on as error in the grounds for a new trial. The only alleged error therein complained of in the matter of refusing instructions was as to instruction X, which we have already considered. The appellant is not entitled to have this court review the action of the lower court in giving or refusing instructions, unless

the error complained of is made a ground for a new trial. Evening Post Co. v. Caufield, 66 S. W. 502, 23 Ky. Law Rep. 2028.

If appellee was entitled to recover at all, the amount of the verdict is not excessive, as the proof showed the decedent to have been 49 years of age at the time of his death, that he was a man of vigorous health and strength, with a life expectancy of 21 years, and that he was earning from $8 to $8.50 per week.

Wherefore the judgment is affirmed.