## Illinois Central Railroad Company v. Long.

(Decided January 10, 1912.)

### Appeal from Graves Circuit Court.

1. New Trial—Grounds for.—Where a new trial was asked because the verdict was excessive, and not sustained by and was against the weight of the evidence, and was contrary to the evidence, and was not sustained by sufficient evidence, it sufficiently presented a ground for a new trial under sub-section 4 of section 340 of the Civil Code, which authorizes a new trial for excessive damages appearing to have been given under the influence of passion or prejudice.

2. Appeal—Second Appeal.—Where the facts on the second trial are the same as on the first trial, there being no substantial change in the testimony, and no materially new evidence introduced, the opinion upon the former appeal is the law of the case; and the judgment having been then reversed because the verdict was palpably against the evidence, it will be reversed for the same reason upon the second appeal.

ROBBINS & THOMAS, C. L. SIVLEY, W. S. HORTON, R. G. ROBBINS and TRABUE, DOOLAN & COX for appellant.

WEBB & WEAKS and WILSON & LANDRUM for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On August 6th, 1909, appellee, Rosie Long, traveled from Paducah to Calvert City, Ky., upon appellant's train. She arrived at Calvert City about four o'clock in the afternoon, and in alighting from the train she claims she was severely injured through the negligence of those in charge of the train, who suddenly moved it so as to severely jerk her, and throw her upon her hands and knees against the platform. Upon a trial had in 1909 she recovered a verdict for $1,450; but, upon an appeal to this court, that judgment was reversed. (128 S. W., 891.) In reversing the judgment we used this language concerning appellee's case as presented upon that appeal:

"Her statement that the injuries of which she complains were caused by the movement of the train is not supported by any other witness or circumstance, but, on the contrary, is directly contradicted by a number of witnesses and a number of circumstances. The verdict is so flagrantly against the evidence that we feel constrained to order a new trial."

A second trial in March, 1911, resulted in a verdict and judgment for plaintiff for $600, and from that judgment the defendant railroad company prosecutes this appeal. It insists that the case now before us is substantially, if not in all respects, the same case that was presented upon the first appeal, when we reversed the judgment because the verdict was flagrantly against the evidence.

1. A preliminary question is presented, however, by appellee's contention that the question of excessive damages, which was the ground for the reversal of the former judgment, was not made a ground for a new trial upon the second trial of the case, and is not, therefore, now before us. Subsections 4 and 6, of section 340 of the Civil Code of Practice, provide, among other grounds, that a verdict or decision may be vacated and a new trial granted, for the following causes:

"4. Excessive damages, appearing to have been given under the influence of passion or prejudice:

"6. That the verdict or decision is not sustained by sufficient evidence, or is contrary to law."

The grounds assigned for a new trial in this case, and which it is contended do not raise the question of excessive damages, read as follows:

"Because the verdict is excessive and is not sus-

tained by and is against the weight of the evidence, and is contrary to the evidence, and is not sustained by sufficient evidence.''

Without going into a detailed comparison of the two sections of the Code above quoted, with the ground assigned for a new trial, which we deem unnecessary, we content ourselves with saying that the grounds are certainly broad enough to raise the question of excessive damages under subsection 4 of section 340 of the Code above quoted. It is not necessary to say that the excessive damages appear to have been given under the influence of passion and prejudice, for if the damages are excessive, and the verdict is not sustained, and is against the weight of the evidence, and is contrary to the weight of the evidence, and is not sustained by sufficient evidence, it sufficiently appears that the verdict was not justified under the evidence, and that the damages were given under the influence of passion or prejudice. The gravamen of the ground is that the damages are excessive.

2. Turning now to the merits of the case, it appears that appellee stands unsupported and alone in her claim that she was injured while stepping from the car. Several witnesses, including the conductor who says he assisted her and the other passengers in alighting, have testified that no accident of any kind happened upon the occasion of appellee's arrival in Calvert City. She made no complaint then to anybody, although she immediately thereafter conversed with several people and rode several miles in a livery buggy to her brother's house in the country.

It is insisted, however, by appellee, that this case is a case of conflicting testimony, and that the finding of the jury should not be disturbed, under the rulings we have made in the class of cases represented by Bell-Coggeshall Co. v. Lewis, 28 Ky. Law Rep., 149; Louisville Water Co. v. Phillips, 139 Ky., 614; and Tennessee Central Railroad Co. v. Brasher, 29 Ky. Law Rep., 1278. It will be noticed, however, that in those and like cases we limited the rule that the finding of the jury would not, in the absence of error on the part of the trial court, be disturbed upon appeal, by the qualification that it would be set aside if it appeared that it was wholly unsupported by, or was flagrantly against the evidence, or had been superinduced by passion or prejudice on the part of the jury. 139 Ky., 619. The rule that the finding of the jury,

under conflicting testimony, will not ordinarily be disturbed by this court, does not conflict with the Code provision that the verdict may be set aside when the verdict is so excessive as to be flagrantly against the evidence. In the one case the finding of the jury is not an unreasonable one under the conflicting testimony; in the other the finding is so unreasonable as to appear to be the result of passion or prejudice on the part of the jury.

This case is, in all its essential features, identical with the case of the Continental Insurance Co. v. Hargrove, 143 Ky., 400, which was the second appeal of that case. In speaking of the first appeal in that case, we said:

"On that appeal it was held that the verdict for the plaintiff was palpably against the evidence, and the judgment, for this reason, was reversed. On the return of the case to the circuit court, it was tried again on the same evidence, and a second verdict having been returned in favor of the plaintiff, the court entered judgment upon it. The insurance company appeals.

"The facts of the second trial are the same as on the first trial. There was no substantial change in the testimony, and no material new evidence was introduced. The former opinion is the law of the case. As we then held that the verdict was palpably against the evidence, it is the law of the case that a verdict for the plaintiff on the same evidence is palpably against the evidence."

We have the same state of case here. The facts on this trial were substantially the same as on the first trial; there was no substantial change in the testimony, and no materially new testimony introduced. The ruling upon the second appeal must, therefore, be the same we made upon the first appeal.

The judgment is reversed and the case remanded for further proceedings.