## Thurman v. Kentucky Traction & Terminal Company.

### Goins v. Same.

### Clark v. Same.

(Decided March 1, 1927.)

Appeals from Franklin Circuit Court.

1. Railroads—Instruction that Failure of Guests in Automobile to Use Ordinary Care to Avoid Interurban Car Would Bar Recovery Held Proper Under Evidence.—In personal injury action by guests

of driver of automobile, when automobile was struck by interurban car, instruction that driver's negligence was not imputable to plaintiffs, but that their failure to use care usually expected of ordinarily prudent person to learn of approach cf car at dangerous crossing would bar recovery, even though defendant's employee was also negligent, held proper under evidence.

2. Railroads—Automobile Driver is Not Contributorily Negligent for Error of Judgment in Escaping from Danger Created by Railroad's Negligence.—Automobile driver, placed suddenly and unexpectedly in dangerous position, due to railroad's negligence, is not guilty of contributroy negligence for error of judgment as to best course to pursue in escaping.

3. Appeal and Error—Failure to Give Instruction as to Negligence in Escaping from Unexpected Dangerous Situation Held Not Reversible Error, in View of Finding (Civil Code of Practice, Section 756).—In automoble driver's personal injury action when automobile was struck by interurban car, failure to give instruction that error of judgment in escaping from unexpected dangerous situation created by defendant's negligence was not contributory negligence held not prejudicial, and therefore not reversible error in view of Civil Code of Practice, section 756, where it could not affect result, owing to jury's obvious conclusion that he was negligent before reaching crossing.

LESLIE W. MORRIS and FRED A. VAUGHAN for appellants.

ALLEN, BOTTS & DUNCAN, WALLACE MUIR, W. W. MEEKS and POLK SOUTH. JR., for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

These three actions were brought by appellants against the Kentucky Traction and Terminal Company to recover damages for personal injuries received by them when a Ford car in which they were riding collided with an interurban car of the defendant near the Duncan crossing in Franklin county. On the hearing of the case the jury found for the defendant. The plaintiffs appeal. W. E. Clark lived in Lexington and owned the car. He had invited Thurman and Goins to go with him and they were on their way to a dinner at a point beyond Frankfort from Lexington. The Duncan crossing is about three miles east of Frankfort. According to the proof for the plaintiffs, as they approached this crossing Clark, who was driving the car, brought it nearly to a stop, but hearing no signal of the approach of the interurban and seeing none, drove slowly on to the track. When he got on the track the interurban car was discovered about 50 feet

from him, coming rapidly. He then put on the gas. The wheel of his car turned on striking the far rail of the track and he lost control of the steering wheel. The car turned down the track and ran into the approaching interurban, 10 or 15 feet west of the crossing. The interurban was going east or coming from Frankfort. Clark's statement of the accident is in these words:

"I stopped there at Mr. Thurman's house and asked them to go with me. They got in the car with me and came down to this crossing at Duncan's. Within about twenty-five feet of this crossing I come to almost a stop with my automobile. I looked each way and saw no car coming; didn't hear any sign of a car; then I proceeded on my way toward Frankfort. After I got up on the track I seen a car come dashing around the bend and I put on all the gas I had to get out of the way of that car. My wheel hit the rail and turned in my hand; got clear loose from my hand. I lost control and before I could regain control of it I was hit by the interurban."

Thurman and Goins give similar testimony, and to the same effect is the testimony of one person on the interurban car, who stated that the car was running about 25 miles an hour and gave no signal of its approach at the crossing. On the other hand, the defendant proved by a man who was running a truck that the plaintiffs passed him several hundred feet east of the crossing running very rapidly in their car; that he followed on behind them; that they ran upon the crossing without checking their speed at all; that he saw the interurban car coming and also heard its signals for the crossing. Two men working for the telephone company, a few hundred feet west of the crossing saw the interurban pass; heard it blow for the crossing and testified that it was running very slowly as it approached the crossing. The motorman testified, and his testimony is confirmed by three of the passengers on the car, that at this crossing there was a pole from which he telephoned to get orders and he always stopped; that he had slowed down his car for the purpose of a stop, after giving the usual signals of his approach, and while he was coasting down to the crossing, at a very slow rate of speed, the plaintiff's car when it reached the crossing turned and ran down the interurban track 43 feet, before it struck his car; that when it struck

his car it broke the air chamber and this released the brakes on his car and, it being down grade, his car pushed the automobile back to about the crossing before he could stop it. Several people living in the neighborhood also testified to hearing the car blow for the crossing. The weight of the evidence shows that the automobile as it ran down the railway track had one wheel in the ditch on the right side of the track and the other wheel about middle way between the two rails, thus indicating that the automobile changed its course about the time it reached the crossing, and not after it had passed over the first rail.

The plaintiff proved by a number of witnesses that the interurban car as it approached the crossing came through a cut and that weeds were growing on top of the bank which entirely obscured their view of the approaching car until they were practically on the crossing. On the other hand, the proof for the defendant by a number of witnesses was to the effect that the weeds were cut about a month before and that there was a good view of the interurban car for at least 40 to 50 feet before the Ford car reached the crossing.

The court gave the jury the usual instructions: (1) That if the collision was by reason of the negligence of the interurban car, in failing to give notice of its approach, or in approaching the crossing, the should find for the plaintiff. (2) That if there was contributory negligence of the plaintiffs, but for which the accident would not have occurred, they should find for the defendant.

In each of the cases of Thurman and Goins the court gave the jury this instruction:

"The court instructs the jury that the negligence of Clark, the driver of the automobile, if any, is not imputable to the plaintiff, but it was the duty of the plaintiff on approaching the crossing to use such care as may be usually expected of an ordinarily prudent person to learn of the approach of the car and keep out of its way, and if the crossing was especially dangerous, and he knew of it, or by the exercise of ordinary care could have known it, it was incumbent upon him to exercise increased care commensurate with the danger, and if he failed to exercise such care, and but for this would not have been injured, then the law is for the defendant and the jury should so find, even though they may believe

from the evidence that the defendant or its employee was negligent as set out in instruction No. 1.''

It is earnestly insisted that this instruction was improper under the evidence, but if Clark was running the car at the speed shown by the defendant's testimony and ran upon the crossing without stopping, looking or listening, there was sufficient proof to warrant this instruction, for although neither Goins nor Thurman was affected by the negligence of Clark, each of them was well acquainted with the highway and with the crossing; they knew the danger as well as Clark; they lived in the neighborhood; if either of them had looked, according to the defendant's evidence, he would have seen the interurban car, or if either of them had listened he would have heard its signals for the crossing. If either of them had noticed that the car was approaching he should have notified Clark, who was running very rapidly as he approached the crossing, for they knew the danger at the crossing. There was, therefore, evidence warranting the submission of this question to the jury. Barksdale's Admr. v. S. Ry. Co. of Ky., 199 Ky. 592; Herndon v. Ky. Traction &c., Co., 214 Ky. 36.

On Clark's appeal the only error relied on is the refusal of the court to give the jury the following instruction:

"The court further instructs the jury that if they believe from all the evidence the plaintiff, W. E. Clark, was, on the date of the accident, placed suddenly and unexpectedly in a dangerous position, or what to him reasonably appeared to be a dangerous position, if he was so placed, and was so placed by the failure of the defendant, its agent and servant to give a reasonable warning of the approach of its car, or to keep a reasonable lookout ahead for the presence of travelers on or near the crossing, then he was not guilty of contributory negligence, if he did not adopt the best means of escape, but made an error of judgment as to the best course to pursue; all that was required of him, under the circumstances, if it was under such circumstances he acted, being to act as a person of ordinary judgment and prudence would have done, if placed in the same situation."

The instruction states correctly an abstract principle of the law and has often been approved by this

court, but back of this is the question, was it applicable to the facts of this case? There was no evidence that Clark did anything after he saw the approaching interurban car that might be regarded as negligent, and there was no effort by the defendant to prove this. It was natural that when he was on the track and saw the interurban approaching he would increase his speed and attempt to get off the crossing before it reached him. There was no negligence in this. The case for the plaintiff rested upon the proof that the interurban car gave no signal of its approach to the crossing; that the view was obstructed so it could not be seen, and the turning of the automobile down the track was due to a swerving of the wheels on the far rail without any intention of Clark to turn it down the track. There was no voluntary action of Clark in this. The proof for the defendant was that the proper signals were given; the view was not obstructed; Clark ran rapidly upon the crossing without checking and his car swerved as he approached the crossing and ran down the railroad track. This was shown by the marks of the wheels in the ditch on the right side of the track and was confirmed by the fact that the collision occurred 43 feet from the crossing. This was the issue that was presented to the jury. The court is unable to see how the offered instruction would have enlightened the jury in any way, and it is clearly of the opinion that if given it could properly have had no effect upon the result of the case.

The jury, if the instruction asked by Clark had been given, could not reasonably have found for Clark and against Thurman and Goins. The finding of the jury against Thurman and Goins is conclusive that, in the view of the facts taken by the jury, the instruction asked by Clark and refused by the court could have had no effect on the result of the case; for the jury were plainly told as to Thurman and Goins that the negligence of Clark was not imputable to them. Whether Clark acted wisely or not in the emergency after the danger was discovered was thus excluded from the consideration of the jury as to Thurman and Goins. The finding of the jury against all three of them is, therefore, a finding that the collision occurred as shown by the evidence for the defendant. There could not have been any negligence on the part of Thurman and Goins unless there was negligence on the part of Clark before he was on the crossing. The plaintiff's substantial rights under the evidence were

in no wise prejudiced by the failure to give this instruction. Section 756 of the Civil Code provides:

> "Nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof."

On the whole case no error is perceived warranting a new trial.

Judgment affirmed.