## Hogle's Guardian et al. v. Wolfzorn et al.

(Decided March 24, 1933.)

ODIS W. BERTELSMAN for appellants.

HUBBARD SCHWARTZ for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

A car operated by Samuel Hogle collided with a milk truck operated by Steve Wolfzorn, in Campbell county, Ky., when Freda Hogle was injured. She and Samuel Hogle were at the time occupying the front seat; her mother and others were on the rear seat. The metal portion of the highway was about 16 feet. The car in which they were riding was going down grade, when it met the milk truck. It was owned, licensed, and insured by H. T. Feldman, but operated by Steve Wolfzorn under an arrangement between them, in the business of transporting milk from the homes of farmers, residing in the country, to the Newport Dairy, at Newport, Ky. Samuel Hogle and Freda Hogle, and those accompanying them in the car, presented evidence tending to show that the collision in which she was injured was entirely the fault of the operator of the truck, while the testimony of Wolfzorn and those who testified in his behalf established that he was free of

fault, and that the collision was the direct result of the negligence of Samuel Hogle. The evidence was sufficient to support a verdict in favor of either Freda Hogle or Wolfzorn and Feldman. The jury accepted Wolfzorn's theory, and returned a verdict for him and Feldman. We are without authority to interrupt the verdict of the jury supported by such conflicting evidence. Johnson v. Taylor, 245 Ky. 247, 53 S. W. (2d) 550.

Witnesses of Hogle and also of Wolfzorn and Feldman were asked to describe the speed of the car operated by Samuel Hogle immediately before, and at the time of, the collision. The witnesses were permitted to state the rate of speed at which he was traveling. Freda Hogle objected to this line of testimony. Apparently it was her theory that, because the negligence of Samuel Hogle was not imputable to her, such evidence was incompetent. She is correct that his negligence was not imputable to her, unless he was guilty of negligence, and she had notice thereof in time, by the exercise of ordinary care, to avert such negligence or apprise him of the apparent danger from the negligence of Wolfzorn, in time to enable him to avert it. Thurman v. Ky. Traction & Terminal Co., 218 Ky. 594, 291 S. W. 1037. But Freda Hogle was entitled to show, if she could, that both Samuel Hogle and Wolfzorn were guilty of negligence, and that their concurrent negligence caused her injury, and for this purpose the evidence as to the rate of speed at which Samuel Hogle was traveling was competent in her behalf. Also Wolfzorn and Feldman were entitled to establish the fact that the speed at which Samuel Hogle was driving, or his operation of the car in any other respect, was the sole cause of her injury. For this additional reason the evidence of the speed at which Samuel Hogle was driving was competent. Freda Hogle offered as evidence a certain section of the Kentucky Statutes, and also the second paragraph of her petition. On objection thereto, the court properly refused to admit the same as evidence. She offered an instruction authorizing the jury to find damage for permanent injury which she claims was established by the evidence showing four of her front teeth were so injured by the collision that they had to be removed. Even if it be admitted the evidence authorized the giving of this instruction, the verdict of the jury having exonerated Wolfzorn of all

negligence, she was not prejudiced by the refusal of the court to give it. She requested the court to give an instruction directing the jury that, if the truck operated by Wolfzorn was approaching a curve which prevented him from having a clear view ahead for a distance of 150 feet, it was "his duty to have the truck under control and to give warning by horn or other sounding device of his approach."

This instruction is practically the language of section 2739g-47, Ky. Statutes, and, where the evidence authorizes its giving, it is proper for the court to do so, but no evidence was presented justifying the giving of this instruction. In the presentation of her case, she did not endeavor to show that the collision occurred in the vicinity of a curve. The testimony of the witnesses in behalf of Wolfzorn and Feldman disclosed there was a curve in the vicinity of the place where the collision occurred, but it was not shown that it was that type of curve contemplated by the statute, which authorizes the giving of such instruction, i. e., that it obstructed the view ahead for a distance of 150 feet, or any distance ahead.

It does not appear that any error was made prejudicial to her substantial rights, and the judgment is affirmed.