Verna ELDRIDGE, Appellant,

v.

Lloyd PIKE and Thomas R. Pike, Appellees.

Court of Appeals of Kentucky.

Nov. 19, 1965.

C. W. Napier, Jr., Hazard, for appellant.

Stephen Combs, Jr., Ronald Polly, Whitesburg, for appellees.

STEWART, Judge.

This action was instituted by Verna Eldridge against Lloyd Pike and Thomas R. Pike to recover damages for personal injuries arising out of a station wagon and truck collision. Lloyd Pike, the owner of the truck, filed a counter-claim against Verna Eldridge to recover damages to his truck.

The jury returned a verdict finding joint negligence on the part of the parties to this action and did not award anything to either of them. Verna Eldridge has appealed. These grounds are urged for reversal:

(1) That the verdict is not sustained by the evidence; and that it was returned by the jury in disregard of the evidence and the instructions and while they were under the influence of passion and prejudice.

(2) That the trial court erred in excluding certain evidence.

(3) That the trial court erred in failing and refusing to instruct the jury properly.

The collision occurred about 9 a. m. on a clear day when the station wagon driven by Verna Eldridge met on a one-way bridge a loaded coal truck operated by Thomas R. Pike. The one-way bridge, 70 feet in length, is located on Kentucky Highway No. 7 in Letcher County between Blackey and Whitesburg. The station wagon was proceeding northwardly toward Whitesburg and came down a steep decline just before reaching the bridge. The truck was traveling southwardly toward Blackey and came around a sharp curve to the left onto the bridge. The truck driver's visibility was hindered by buildings, trees and the bridge frame.

Conflicting evidence was presented by the opposing parties as to which vehicle first entered upon the bridge, as to the speed of the respective vehicles, and as to where on the bridge the impact occurred. A head-on collision resulted and the vehicles came to rest near the south end of the bridge. Verna Eldridge was alone in the station wagon and one Hubert Pike was a passenger in the truck. There was testimony to the effect that the truck driver stated he was to blame for the accident; he denied he made any such admission.

■ We conclude the issues of whether the driver of the truck or the driver of the station wagon, or both, were responsible for the accident were properly submitted to the jury for determination. In Pope-Cawood Lumber & Supply Co. v. Carroll, 236 Ky. 366, 33 S.W.2d 360, a collision occurred between a Ford car and a truck on a narrow bridge. This Court held " * * * the case really turns on which machine, the truck or the Ford, was on the bridge first. * * * In view of the conflict in evidence, it is at once apparent that the question of negligence and contributory negligence was

for the jury * * *." See also Rice v. Franklin Title & Trust Co., 299 Ky. 142, 184 S.W.2d 896; Short v. Robinson, 280 Ky. 707, 134 S.W.2d 594.

We believe the verdict is amply supported by the evidence. Furthermore, there is no showing, other than the bare assertion of appellant, that the jury in anywise disregarded the evidence and the instructions of the trial court or that they acted under the influence of passion and prejudice when they returned the verdict.

The next contention of appellant is that two witnesses were not permitted to express opinions about matters peculiarly within their knowledge. The first of these complaints concerns Trooper Jerry Combs who came to the scene of the accident some time after its occurrence, in order to investigate the collision. He testified, among other things, that the station wagon was knocked back 37 feet after its impact with the truck. He was then asked on re-direct examination " * * * would the truck had to be going at a fast rate of speed or not in order to have shoved the car that way?" An objection was interposed and sustained to this question.

■ It appears the only qualification relied upon to support this opinion evidence was the fact that this witness was a member of the state police. In Redding v. Independent Contracting Co., Ky., 333 S.W.2d 269, the testimony of two state troopers, who arrived at the site of the accident about a half hour after it had happened, was held to be "clearly incompetent and valueless" in respect to how fast a motorist's automobile had been traveling immediately before the impact of the vehicles, without any showing that they had observed similar accidents. Cf. E. P. Barnes & Bros. v. Eastin, 190 Ky. 392, 227 S.W. 578. The testimony of the state trooper in the case at bar was along the same line as that in the Redding case, and it was inadmissible because of the same lack of adequate qualifications. Furthermore, we conclude that, if Trooper Combs had been permitted to

give an opinion as to the speed of the truck, under the circumstances, it would have been nothing more than a random guess.

Later, on re-cross examination, one of the jurors asked this same trooper why he had determined after his investigation to give a ticket to Thomas R. Pike, the truck driver. The trooper responded: "I asked this boy * * * how come he went on the bridge so fast and he said, 'I just don't know,' so, of course, I issued him a citation for failing to yield the right-of-way because the woman was definitely on the bridge before he got on it, * * *." This testimony was objected to and the jury was told to disregard it. Appellant insists this evidence was admissible.

■ The trooper's statement that the station wagon "was definitely on the bridge" before the truck entered upon it was clearly the unwarranted conjecture of a person who did not see the accident and, for this reason, was inadmissible. See Wagner v. Emmett, Ky., 280 S.W.2d 210. The proof was in dispute on this point; and, under the facts presented, it was solely the jury's prerogative to resolve this question.

■ As to the portion of the trooper's testimony that the driver of the truck told him he did not know why he "went on the bridge so fast," it will be remembered the jury found both the truck driver and the station wagon driver were jointly negligent in causing the accident, with the result that, even if this particular evidence was admissible, its rejection by the trial court was not prejudicial to appellant. See Head v. Russell, Ky., 307 S.W.2d 557.

Appellant next argues that the trial court wrongfully excluded the deposition testimony of another witness, Dr. William E. Powles, of Cincinnati, Ohio, who was used by her as an expert. He was asked the amount of money it would require to undertake the restoration of appellant's health, and the expense incident to travel necessary to achieve such a result. Dr. Powles' opin-

ions on these two matters were based upon a psychological examination of appellant on December 20, 1963. He had only this one brief session with her. Therefore, his knowledge of appellant's condition was apparently so scant that it is inconceivable he could do more than surmise concerning these factors.

■ The intent was to secure from him as a medical expert an estimate of a sum that could be included in an award by the jury, based upon the injuries she claimed she received. The jury dismissed her complaint because of a finding that she was jointly negligent in connection with the accident. In Yandell v. Anderson & Spilman, 163 Ky. 702, 174 S.W. 481, it was stated: "It is sufficient to say that the rejected evidence bore solely on the question of damages, and we have frequently held that error in rejecting evidence on the question of damages is not prejudicial where no damages are allowed." See also Lam v. Earlington Mach. Works, 170 Ky. 384, 186 S.W. 152. Thus, if there was error upon the part of the trial court it was not prejudicial.

■ Appellant also contends the trial court committed error by sustaining the objection of appellees to certain rebuttal testimony of Leo Parsons in respect to an admission against interest made by the driver of the truck. A reading of the rebuttal testimony of Leo Parsons clearly reveals that the trial court, after excluding the evidence in question, later allowed it to be given as it was set forth in the avowal. There was no error perpetrated under the circumstances.

■ The final argument is that the judgment should be reversed because the trial court refused to instruct the jury as to damages for the permanent injuries claimed to have been received by appellant. The error, if any, in refusing to instruct in respect to appellant's permanent injuries was harmless because the jury exonerated appellees of any liability stemming from the accident. When the jury found appellees

were not liable they did not reach the ques-,' tion of the measure of damages. See Hogle's Guardian v. Wolfzorn, 248 Ky. 396, 58 S.W.2d 577; Goodwin v. Miller, 210 Ky. 407, 276 S.W. 117.

Wherefore, the judgment is affirmed.