Thelma Faye SOUTHWOOD, Administratrix of the Estate of Brown Low Southwood, and Homer Johnson, Appellants,

v.

Gladys HARRISON, individually and Gladys Harrison, The Administratrix of the Estate of William Lewis Harrison, Deceased, Appellee.

Court of Appeals of Kentucky.

Feb. 26, 1982.

Discretionary Review Denied Oct. 5, 1982.

Joseph F. Kent, Hazard, John K. Gordinier, Louisville, Richard C. Ward, Hazard, for appellants.

James T. Harris, Jackson, for appellee.

Before HOWERTON, McDONALD and VANCE, JJ.

VANCE, Judge:

In a head-on collision between two coal trucks, both drivers were killed. There were no witnesses to the accident which occurred on an extremely dusty coal haul road. State police arrived at the scene ap-

proximately one hour after the collision. By the time of their arrival a multitude of people were milling about the scene and all traces of skid marks, if any ever existed, had been obliterated. There was no visible debris to indicate precisely the point of impact of the two vehicles.

The only evidence of any negligence on the part of either of the drivers was the testimony of a state policeman who was permitted to express an opinion as an expert that at the point of impact the Southwood vehicle was across the center of the road. He reached this conclusion solely upon the basis of measurements made from the vehicles, as they were found after the collision, to the edge of the roadway. His conclusion was based upon an assumption, unsupported by any evidence, that the vehicles stopped any forward motion at the point of impact.

The Southwood truck was proceeding away from a mine, loaded with coal, in a westerly direction. The Harrison truck was returning empty to the mine. The road was approximately 26 feet wide at the place where the accident occurred. There was no evidence as to the speed of either of the vehicles.

The question for determination is whether the state policeman was qualified to testify as an expert witness concerning the position of the vehicles in the road at the point of impact. Previous Kentucky decisions are not altogether clear on this point.

It has been held that a state police officer, without special schooling and qualifications, is unqualified to give opinion evidence as an expert. *Eldridge v. Pike,* Ky., 396 S.W.2d 314 (1965); *Redding v. Independent Contracting Co.,* Ky., 333 S.W.2d 269 (1960); and *Moore v. Wheeler,* Ky., 425 S.W.2d 541 (1968).

In *Moore v. Wheeler,* however, the right of the state policeman to testify as an expert was approved because he had been a member of the force for 6 years, had investigated more than 450 accidents and had received special schooling in various techniques and procedures of investigating traffic accidents. The opinion does not indicate the nature of his special schooling or whether or not his experience involved the reconstruction of accidents. In *Moore v. Wheeler, supra, Eldridge v. Pike, supra,* was distinguished on the ground that the opinion offered by the trooper in *Eldridge* was unaccompanied by supporting data to justify an opinion on the issue in question whereas in *Moore* the opinion as to speed offered by the trooper as an expert witness was supported by evidence of lengthy skid marks on the roadway and the extensive damage done to the vehicles.

To some extent at least this judges admissibility of opinion evidence of a state police officer not altogether on his proven expertise in the particular field but also on the basis of whether his conclusions are supported by other evidence.

In *Mulberry v. Howard,* Ky., 457 S.W.2d 827 (1970), the expression of an opinion of a state trooper as to the location of the "point of impact" was approved. The officer had received 40 hours training in accident investigation in the state police school and had investigated 300 accidents but again the court noted that his opinion as to the impact was based upon the location of the major portion of the debris which fell from the vehicles and also upon clearly visible skid marks upon the highway leading to the vehicles.

The court also noted that the ultimate issue for decision by the jury was not the point of impact but whether one of the drivers was negligent, citing *Sellars v. Cayce Mill Supply Company,* Ky., 349 S.W.2d 677 (1961).

In the case under consideration the location of the "point of impact" was the ultimate issue because there was no other evidence of negligence whatever, and both operators being deceased, there was no possible way to show that the accident was not caused by one vehicle or the other being across the center line. In other words—the location of the vehicles at the point of impact settled the issue of negligence.

In the case under consideration the officer received 50 hours of classroom instruction in the reconstruction of accidents. This is no more and no less than is received by all state police officers in their training course.

He had been a state policeman for little more than 1 year and as a state policeman investigated approximately 125 accidents before this accident occurred. Whether he was called upon to reconstruct any of those accidents is not shown. In any event his training has been no more extensive than that undergone by every state trooper and his experience in traffic accident investigation of a little over one year is undoubtedly less than troopers with many more years experience. It follows that if this officer is qualified to testify as an expert on the basis of his training and experience, then most, if not all, state police officers are likewise so qualified.

We do not believe our courts have meant to grant such carte blanche authority. For that reason, we look to the facts supporting the opinion of the officer as was done in *Moore v. Wheeler, supra,* and *Mulberry v. Howard, supra.*

In those cases the physical facts plainly supported the conclusion of the officer. Not so here because there were no visible skid marks and no debris to indicate the point of impact. The only support comes from measurements made after the accident and based upon an unsupported assumption that neither of the vehicles moved forward after the point of impact. This assumption is of doubtful validity because one of the trucks was loaded with coal and the other empty. Aside from that it was held in *Steely v. Hancock,* Ky., 340 S.W.2d 467 (1960), that the post-accident position of vehicles alone will not sustain an inference as to the position of the vehicles at the time of impact.

We note, in passing, an uneasiness with the view that admissibility of the testimony of an expert is to some extent conditioned upon the data and facts he is able to marshall to support his conclusion because the presence or absence of supporting data goes more to the weight to be given his opinion than to the admissibility of his testimony. Nevertheless, this appears to be the state of the law on this issue because in the cases cited which approved the officers expert testimony, the officer was not shown to be possessed of such extensive training and experience as to enable him to make determinations on the basis of his knowledge that an ordinary layman could not determine but in fact the testimony was approved on the basis of some expertise coupled with plain physical facts such as skid marks and the location of debris which supported his conclusion and perhaps ordinary laymen, in the light of their everyday experience, would have been just as well qualified to reach a conclusion from the facts presented as was the trooper.

We think the opinion of the state police officer as to the position of the vehicles at the point of impact should have been excluded. Without this testimony we find no evidence which creates a submissible issue as to negligence.

■ The photographs show the tremendous force of the impact but they only show the positions of the vehicles after they came to rest. The measurements too were based upon the position of vehicles after the accident. These are not a sufficient basis for a determination of negligence. *Steely v. Hancock, supra.* Appellant's motion for a directed verdict and for judgment notwithstanding verdict should have been sustained.

This disposition makes it unnecessary to consider other errors alleged by appellant.

The judgment is reversed with direction that the complaint against appellants be dismissed.

All concur.