## Pope-Cawood Lumber & Supply Company v. Cleet.

## Same v. Carroll.

(Decided October 28, 1930.)

(As Modified on Denial of Rehearing January 13, 1931.)

J. B. SNYDER, H. F. WHITE and H. H. FUSON for appellant.

F. M. JONES and W. A. BROCK for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

These two appeals, which are prosecuted from separate judgments in favor of E. T. Cleet and Tom Carroll for $500 each, have been consolidated and will be considered in one opinion.

The two actions are for personal injuries alleged to have resulted from the negligent operation of a truck owned and operated by appellant. At the time of the accident, E. T. Cleet, Tom Carroll, and the latter's son, Walter Carroll, were riding in a T model skeeter Ford, and were going north from Black Mountain in the direction of Evarts. The car belonged to Cleet, was being driven by him, and the Carrolls were his guests. At the same time a loaded truck belonging to appellant was going in the opposite direction from Evarts toward Black Mountain. The accident happened on or near a one-way bridge. According to Cleet, Carroll, and the latter's son, the Ford car was going at the rate of 6 or 8 miles an hour as they approached the bridge, and the truck was going at about the same rate of speed. As they got on the bridge, Cleet blew his horn, "hollered" at the driver of the truck, and told him to stop. The truck driver was looking off up a hollow and paid no attention to the warning, but stepped on the gas and started across the bridge. The truck struck the hub cap of the front wheel of the Ford, dragged it back, and turned it over, throwing Carroll and his son out and pinning Cleet under the car. Though Cleet testified that he applied the brakes and skidded the car before it got to the bridge, he explained that he applied the brakes about 10 feet from where he came over the knoll. On the other hand, Ernest Cox, the driver of the truck, and Wilson Shackleford, who accompanied him, testified that the truck was on the bridge first, and that the front wheels were off the bridge when the Ford attempted to pass. The Ford was going about 25 miles an hour. The driver attempted to get by on the bridge, but had no

chance. The Ford did not come in contact with the truck, but went over the embankment. Other witnesses who claimed to have been present corroborated Cox and Shackleford.

The first contention made by appellant is that Cleet's testimony that he applied his brakes about 10 feet from where he came over the knoll onto the bridge made out a case of contributory negligence as a matter of law. Even if it be true that prior to reaching the bridge he had been going from 25 to 35 miles an hour, the fact that he applied the brakes before reaching the bridge would indicate care rather than the want of it, especially in view of the fact that all the occupants of the Ford testified he was going at the rate of only 6 or 8 miles an hour at the time of the accident. Aside from all this, the case really turns on which machine, the truck or the Ford, was on the bridge first. If the truck was on the bridge when the Ford attempted to pass, the driver of the truck was in no way responsible for the accident. On the other hand, if the Ford was on the bridge before the truck reached the bridge, and the driver of the truck attempted to cross at the same time, the accident was due to the negligence of the driver. In view of the conflict in evidence, it is at once apparent that the question of negligence and contributory negligence was for the jury, and that there is no basis for the contention that appellant was entitled to a peremptory instruction.

The further point is made that the instructions given by the court were too abstract, in that they did not fully set forth the duties of the two drivers as they approached the one-way bridge. With respect to the first instruction submitting the question of appellant's negligence, it is sufficient to say that it is substantially the same as one offered by appellant, and that being true appellant may not complain of its insufficiency. It is true that the offered instruction on contributory negligence, in addition to defining the usual duties of the driver on such an occasion, incorporated the idea that it was the duty of plaintiff to operate his automobile on the right-hand side of the highway in the direction in which he was going, and it was his further duty while approaching the one-way bridge, if the truck of the defendant was on the bridge, to stop his car until the truck had crossed and was clear of the bridge. Though we have frequently condemned instructions that are so general and abstract as to make the jury the judges of both the law and the facts, it must

not be overlooked that it is not every case where the giving of abstract instructions or the refusal of concrete instructions is regarded as prejudicial error. Cumberland Bus Company v. Helton, 227 Ky. 587, 13 S. W. (2d) 753. Here there was no necessity of incorporating plaintiff's duty to be on the right-hand side of the road in the direction in which he was going, as there was no evidence tending to show that he was on the wrong side of the road. It is true that the court might with propriety have incorporated in the instruction on contributory negligence the duty of plaintiff in case the truck was already on the bridge, but, in view of the fact that the jury were plainly told that it was the duty of plaintiff to use ordinary care to avoid coming in collision with persons, and vehicles on the bridge mentioned in the evidence, we are not inclined to hold that the refusal of the offered instruction was prejudicial error.

It cannot be said that Carroll, the guest, was guilty of contributory negligence as a matter of law, and the court did not err in refusing a peremptory instruction on that ground. Moreover, inasmuch as no instruction was offered on Carroll's contributory negligence, the court did not err in failing to instruct on that phase of the case. However, in the Carroll case the court gave an offered instruction authorizing the jury to find for appellant in the event they believed Cleet, the driver, was guilty of contributory negligence. As the negligence of the driver is not ordinarily imputable to the guest, it is at once apparent that the given instruction was more favorable than appellant was entitled to.

On the whole, we perceive no error in the records prejudicial to the substantial rights of appellant. The judgment in each case is affirmed.