## Nichols et al. v. Luster's Administrator.

(Decided April 26, 1935.)

(Rehearing Denied June 14, 1935.)

380

TUGGLE & TUGGLE and WOODWARD, HAMILTON & HOBSON for appellants.

H. H. OWENS and T. B. CULTON for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This action was brought by the administrator of Revus Luster to recover damages from the defendants, Bertha Hammonds and J. M. Nichols, for the death of Luster, resulting from the negligent operation of a motortruck belonging to the defendant Mrs. Hammonds, and driven by the defendant Nichols.

Luster was killed on the evening of March 6, 1933, as he was walking along the right edge of the highway from Grays north toward Corbin, in the company of a number of other persons who were returning home from church. He was struck by one of two large trucks traveling less than 100 feet apart, and going north at a speed variously estimated at from 20 to 50 miles an hour. All of the witnesses agree that it was the right front corner of the body of the rear truck that struck Luster, throwing him to the ground, and inflicting injuries from which he died within the space of about six hours. From a verdict and judgment in the sum of $5,295, the defendants have appealed, and they urge the following grounds for reversal: (1) Refusal of the trial court to sustain defendants' motion for a peremptory instruction; (2) the admission of incompetent testimony; (3) error in the instructions; (4) improper conduct of plaintiff's attorney in the examination of certain witnesses.

A demurrer was filed to the petition, but was never pressed by the defendant, and, as a consequence, was

not passed on by the trial court. Appellants insist, however, that their motion for a peremptory instruction tested the sufficiency of the pleadings, as well as the evidence. Horton v. L. & N. R. Co., 199 Ky. 279, 250 S. W. 983. We have examined the petition and have concluded that it states a cause of action. It was not artfully drawn and, on motion, should have been made more specific, but we are convinced that the essential allegations were included in the phraseology used, and that it amply informed the defendants of the claims they were to meet.

It is next insisted that there was no testimony that the decedent died as a result of the defendants' negligence. It is true that no witness stated that decedent died as a result of the injuries sustained, but there was ample testimony as to the nature of the injuries and the ensuing death of Revus Luster. No other reasonable conclusion could be drawn from the evidence but that he died as a result of the injuries sustained. There was direct and diametrically conflicting evidence on practically every issue. The case was eminently one for the consideration of a jury, and the court did not err in refusing to give a peremptory instruction.

Throughout the trial, plaintiff proved alleged admissions made by the defendant Nichols, driver of the truck, over the objection of the attorney for both Nichols and Mrs. Hammonds. The evidence was clearly admissible as against Nichols, and was clearly inadmissible against the defendant Mrs. Hammonds if she objected to its admission. The court should, on a request to that effect, have admonished the jury that these admissions of Nichols were not competent against Mrs. Hammonds. However, defendants made no request for an admonition, and the only objection to the introduction of the testimony was made on behalf of both defendants, and not simply on behalf of Mrs. Hammonds. Gess v. Wilder, 237 Ky. 830, 36 S. W. (2d) 617. The form of the objection taken, as shown by the record, shows that the point here asserted was not presented to the trial court and may not, therefore, be relied on here.

Appellants next complain of the instructions given by the court. The court gave seven instructions, which fairly presented the whole law of the case. However, the court plainly erred in its definition of ordinary care,

as used in the instructions, as "that degree of care usually exercised by careful and prudent persons under facts and circumstances similar to those proven in this case." Plainly, the proper definition should have included the word "ordinarily," so as to read:

> "That degree of care usually exercised by *ordinarily* careful and prudent persons under facts and circumstances similar to those proven in this case."

Admitting this error, Was it prejudicial? If not, it is our duty to affirm the case. Civ. Code Prac. sec. 756. The term "ordinary care" occurs three times in the instructions. Under the first instruction, it was made the duty of the driver to have his car under control, to run at a reasonable rate of speed, to keep a lookout, and to exercise *ordinary care* to avoid injury to pedestrians on the highway. Here, of course, duty to exercise a higher degree of care to avoid injury was placed on the driver than was proper. By the second instruction, the "last clear chance" rule was covered, upon the theory that decedent suddenly stepped into the path of the truck "when the driver of the truck could not, by the exercise of *ordinary care,* change its course." Here, the use of the term, "ordinary care," as defined by the court, plainly operated to the benefit of the defendant, since it was only in the event that, by the exercise of the higher degree of care, he could have avoided the injury, that the court authorized a verdict for the plaintiff. Finally, it was made the duty of the plaintiff "to exercise *ordinary care* to avoid injury to himself." Here, again, the unusual burden was cast on the plaintiff, and not on the defendant.

Without condoning the error in the instructions, we have concluded, from our examination of the whole record, that it was not prejudicial to the defendants' substantial rights. The instructions were long, while the issue was comparatively simple. The presence or absence of this one word could not, in our opinion, have influenced the result on the facts presented. Louisville & Nashville R. Co. v. Gamble's Adm'x, 156 Ky. 91, 160 S. W. 795.

Finally, appellants insist that there was improper conduct on the part of counsel for the plaintiff. The plaintiff's counsel asked the defendant Nichols whether

or not he had, on the night of the accident, any identification, about his truck or about his person to show the ownership of the truck. Defendant said: "I had an *insurance* card—not the owner of the truck—just the owner of the insurance card." The defendants immediately moved to set aside the swearing of the jury and continue the case "because of *improper questions* asked the witness." The court declined to set aside the swearing of the jury on the ground that the statement of the witness was not truly responsive to the question asked. In this, we think, the court was correct. The question was not improper. Any other rule would open the door to every defendant to secure a mistrial by the simple expedient of having some witness refer to the fact that an insurance company was involved whenever the tide of battle seemed to turn against him. Here it was, in fact, one of the defendants who made the statement. Plaintiff's counsel asserts, and the subsequent examination of the witness bears him out, that he was not seeking to elicit the fact of insurance, but to prove ownership of the truck. There was in the truck a certificate of ownership, and it was this "identification" that counsel was seeking to bring out. There is nothing to indicate any lack of good faith on his part in the course pursued. We cannot brand his conduct as improper under the circumstances.

Judgment affirmed.