## Paducah Coca-Cola Bottling Co. et al. v. Reeves.
(Decided Nov. 29, 1935.)

540

ADRIAN H. TERRELL and WEBB & WEBB for appellant.

J. E. WARREN and F. B. MARTIN for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellee obtained a verdict upon which judgment for $500 was rendered against both appellants because of injuries received by her in a collision between the truck of appellant company operated at the time by Smith, its agent and servant, and a passenger car owned and operated by a Mr. Moore, and in which appellee was riding.

Appellee in pleading charged general negligence on the part of appellants, and they countered with a charge of contributory negligence on the part of the owner and driver of the passenger car and on the part of appellee.

Appellee and her sixteen year old daughter had gone into Mayfield from the neighborhood of Lynnville on the morning of September 24, 1934; later in the afternoon she was standing on the court square when Mr. Moore met her and she and the daughter were invited to ride with him and his wife in his car. This was about 3 p. m.; she agreed, and proceeding to the car she and her daughter got into the rear seat, Mr. Moore driving, his wife on the front seat with him. The Moore car was traveling southward from Mayfield toward Lynnville. The truck of appellant company, driven by Smith accompanied by his helper Bannister, was traveling northward toward Paducah. The collision between the two cars took place in a narrow bridge some 5 or 6 miles south of Mayfield. The bridge is 70 feet in length. Its width from side to side of superstructure is 16 feet, but there is an open space be-

tween the girder on each side and the trackway which leaves the traveled portion only 15 feet 5 inches. The trackway proper is narrower than the traveled portion of the roadway on both north and south sides.

On the south side of the bridge the highway is straight, with a clear vision of about 1,150 feet, and here it abruptly curves eastwardly. On the north side of the bridge and from the bridge the road is straight with a clear observation for approximately 850 feet, there being at this distance an upgrade ending in a slight elevation. It seems agreed that there is a clear view from the curve on the south side to the top of the hill on the north side of approximately 2,000 feet. On the north side of the bridge and 475 feet therefrom there is a "Narrow Bridge" sign and a simliar one on the south side 373 feet from the bridge, both signs being on the driver's right as the bridge is approached.

The passenger car was one of the lighter and smaller type cars. The truck was a two-ton truck, 26 feet in length, 84 inches wide from fender to fender, weighing about 7,300 pounds, and on this occasion was loaded with 149 empty Coca-Cola cases and a case half full of filled bottles. It was estimated that the cases would weigh 4,200 pounds.

The testimony of the daughter was to the effect that the Moore car was proceeding leisurely along on the homeward trip and approached the bridge at a speed of about 20 miles per hour; that when the Moore car was, as near as she could approximate it, about 425 feet from the bridge she saw the truck just after rounding the curve, approaching from the south, running "very fast"; she did not attempt to fix the speed per hour. According to Mrs. Reeves, the Moore car, proceeding at about 20 miles per hour, entered the bridge first and had gotten nearly half way across when the truck came rapidly onto the bridge, approaching at 60 miles per hour, and struck the Moore car near the center (lengthwise) of the bridge. She says the Moore car came upon the bridge on the right side and held that side until the impact came, by which impact the Moore car was knocked back near the north end of the bridge. She was unable to describe just how the impact came. She said, "Well he just hit us; that is all I know until the wreck was done done; and of course I could see what was done and I could see how we were setting."

The girl said the truck "sorta slowed down before it got on the bridge," and it came on to the Moore car about half way across the bridge. This witness said the truck "pulled in on us and knocked us off the bridge." She said the truck knocked the Moore car against the right bannister of the bridge; that "the truck was at an angle towards the Moore car; it hit the left side of the Moore car and knocked the wheel down."

Smith, the driver of the truck, testified that he came around the sharp curve at 18 miles per hour; that as soon as he cleared the curve he increased his speed to about 30 miles per hour. He says that when he was about 420 feet south of the bridge he saw Moore's car approaching at an estimated distance of 525 feet; that when he saw the Moore car he reduced his speed to about 20 miles per hour, and that as he entered the bridge he reduced his speed to about 10 miles per hour, according to his estimate; that when he entered the bridge the Moore car was about 110 or 115 feet from the bridge. His testimony is that he had gotten, perhaps, 55 feet into the bridge and that as the Moore car came in he fully applied his brakes, but that the Moore car, after it had gotten 4 or 5 feet into the bridge, turned toward the left and jammed into his truck.

These are the two stories. Mrs. Reeves and her daughter and Smith and his helper Bannister, are the only persons living who were eyewitnesses.

Witnesses who arrived on the scene shortly after the accident and before either car was moved said the truck was headed north with the back end on the east side of the bridge and the front end on the west side, and the Moore car was headed south with the front end west and the back end east. These witnesses testified that they saw indications of the truck having skidded for 10 or 15 feet just before it came on the bridge.

It is complained by appellant that the court should have sustained motions for peremptory instructions. There was sufficient proof, both direct and from circumstances, to take the case to the jury on the first motion for peremptory. As to the court's ruling on the motion made at the close of all the testimony, we need only refer to the testimony of Bannister, who was with Smith on the truck, and a witness for the defendants.

The evidence of Bannister, together with the evidence of plaintiff's witnesses, was sufficient to take the case to the jury.

The next contention is that certain incompetent evidence was introduced. Two witnesses were introduced and were permitted to testify as to alleged statements made by Smith at the hospital where he had gone with the persons injured in the collision. One witness testified as follows: "He made the remark that they had such a long route that he had to go fast to make the trip." Another witness testified that Smith said, "Well he said that if the Coca-Cola Company had to pay out a little money maybe they would cut his schedule down so that he could make the trip on time." To the questions and elicited answers, there was a general objection and exception, and a general motion to exclude from the jury, followed by an admonition by the court that the testimony of these witnesses should not be taken as substantive, but for the purpose only of contradiction, if they did contradict.

The statements alleged to have been made by Smith were clearly admissible against him, but not being of the res gestæ, were not admissible against the Coca-Cola Company. Gess v. Wilder, 237 Ky. 830, 36 S. W. (2d) 617. We had precisely the same question in Nichols et al. v. Luster's Adm'r, 259 Ky. 379, 82 S. W. (2d) 498, and held that a court's ruling on a general objection by counsel for two defendants, to testimony admissible against one and inadmissible against the other, cannot be reviewed here unless a request be made for the court to limit the effect of testimony to the one defendant against whom admissible. In other words, the court should have been asked to admonish the jury that the testimony here was not admissible as against Smith's codefendant, so that the asserted point could have been properly presented.

Objection was made to the testimony of a witness who was permitted to say that the truck, at a point about 1 mile distant from the bridge, was traveling at about 50 miles per hour. We have been cited cases, the latest, perhaps, Stevens v. Potter, 209 Ky. 705, 273 S. W. 470, which case cites others in which we have held that it was error to permit, or not error to refuse to permit testimony of the speed of a vehicle at points appreciably distant from the scene of the accident. There

was testimony here that the truck was so governed or geared that it could not make 50 miles per hour. That came in on testimony offered for appellant. Without deciding now as to whether the admission of the testimony was prejudicial to substantial rights, we do conclude that it was introduced out of time and order. It was competent, if properly introduced, to contradict the testimony of the witness who testified that because of the mechanical arrangement of the truck, it could not exceed a certain speed—about 38 miles per hour. On another trial of the case if it is desired to present this particular testimony, it should be introduced in proper order, with admonition as to its legal effect.

Counsel for appellant presents for consideration some objections to the court's instructions, attacking first instruction No. 1, which he insists was erroneously given. The appellee in her petition charged general negligence. Under this allegation any particular act of negligence may be proven and relied upon to warrant recovery. The proof for appellee tended to show that the truck, regardless of speed, changed its course after it entered the bridge and ran into the passenger car, while that of appellant is to the effect that the passenger car came onto the bridge and while admittedly on its right side abruptly changed its course and ran into the truck. With the testimony thus presented, we think the court properly gave the law with respect to the general duties of the respective vehicle drivers.

However, counsel's contention of error in failing to give an instruction with relation to the speed of the passenger car in coming onto the bridge, when he had given such an instruction as to the speed of the truck at the same time, is sound.

In instruction No. 3 the jury was told that if they believed from the evidence that appellant's truck, at the time of the accident, was being driven at a speed in excess of 20 miles per hour (Ky. Stats. 1930, sec. 2739g-39), and that such speed was the direct and proximate cause of the collision (with appropriate modification set out in the instruction), they should find for plaintiff.

One of the defenses interposed by appellant was that but for the negligence of the driver of the passenger car the accident would not have happened, and

this plea was supported by evidence. Under this state of case the court erred in imposing on the driver of the passenger car the duty only of operating it at no greater rate of speed than was reasonable and proper, having due regard for traffic and the use of the highway, and by instruction No. 3, imposing the duty upon the driver of the truck to limit his speed to a rate not in excess of 20 miles per hour. Appellant insists, and it appears to be true, that by this instruction, and under the pleadings and proof, an undue observance of duty was placed upon the truck driver, while the corresponding duty was not imposed upon the driver of the passenger car, since the court failed to limit by instruction the speed of that car.

Counsel argues and we think correctly that where two vehicles are approaching each other, the legal measure of duty to avoid accident is the same on the driver of each car. Webb v. Moore, 136 Ky. 708, 125 S. W. 152. The excess speed (statute, supra) necessary to create prima facie negligence applies to both drivers of the colliding vehicles, but with different legal effect here, due to the fact that appellee is not answerable for the negligence of the driver of the car in which she was riding, unless such negligence constituted the sole cause.

Counsel for appellant offered instruction M which embodied the contention so made, and we are of the opinion that it should have been given, with suggested corrections. As offered by appellant and rejected by the court, it unnecessarily carried therein portions of instruction No. 1, as given by the court. In this particular there was repetition.

The court should instruct the jury on defendant's behalf substantially as in instruction No. 3, changing the wording thereof so as to present properly the defense of appellee, with relation to the speed of the car, carrying therein the admonition that the defense interposed is not sufficient unless the jury conclude from the evidence that the negligence, if any, of the driver of the passenger car was the sole cause of the collision and resultant injury.

For the error indicated, the judgment is reversed with directions to grant appellant a new trial consistent herewith.

Judgment reversed.