## SHELL PETROLEUM CORPORATION v. STUEVE.

### No. 896.

District Court, D. Minnesota,
Sixth Division.

Dec. 12, 1938.

Howard I. Donohue, of Donohue, Quigley & Donohue, of St. Cloud, Minn., and William F. Kenney, of St. Louis, Mo., for plaintiff.

A. A. Atwood, of Atwood & Quinlivan, of St. Cloud, Minn., for defendant.

SULLIVAN, District Judge.

This action was originally instituted in the Municipal Court for the City of St. Cloud, Minnesota. The complaint contains the usual simple averments for the foundation of an action of replevin, and alleges that the value of the described personal property was in the sum of $100. Defendant interposed an answer to this complaint, wherein he set out certain matters in defense, and in addition thereto, three counterclaims in his favor, and against the plaintiff, the ad damnum contained in the counterclaims being $20,000, $1,000 and $2,000, respectively, in the first, second and third counterclaims. . Thereupon plaintiff removed the case from the State Court to this Court for diversity of citizenship and jurisdictional amount.

After the removal of the case to this Court, and on the 21st day of August, 1936, plaintiff replied to the affirmative defensive matters set out in the answer and demurrer to the third counterclaim on various grounds enumerated in Mason's Minnesota Statutes, 1927, Section 9254, as basis for demurrer. The demurrers

880

were not brought on for hearing or argument in this Court until November 28th, 1938.

Rule 86, of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the Rules shall apply to all pending actions, unless their applicability would not be feasible, or would work injustice.

■ Rule 81(c) provides in substance that the Rules of Civil Procedure shall apply to civil actions removed to the District Court from the State courts, and therefore these Rules apply to the present case.

There is nothing in this case which brings it within the exceptions set out in Rule 86, save and except the second ground of demurrer to the first counterclaim set out in the answer of the defendant.

■ Rule 7 (c) expressly abolishes demurrers for insufficiency of pleading. The Court is of the opinion that injustice would be done to the defendant herein if the second ground of the demurrer to the first counterclaim in the answer were dismissed, and because of that fact the Court will treat said ground of demurrer as a motion for a more definite statement of claim under Rule 12 (e).

No useful result would be accomplished by reviewing the allegations of the counterclaim in question. It suffices to say that while a party may set forth two or more statements of a claim alternately or hypothetically, and may state as many claims as he has, regardless of consistency, under Rule 8 (e) (2), and relief in the alternative may be demanded (Rule 8 (a) (3), it is required, however, under Rule 8 (a) (2) that the pleading contain a short, simple and plain statement of the claim, showing the facts upon which the party relies, and upon which the pleader is entitled to relief. The counterclaim which is attacked does not comply with this rule. It is neither simple, concise, nor direct. It contains inconsistent allegations, which are not properly separated. It is not possible for the Court, from a reading of the pleading, to determine upon what theory the pleader contends he is entitled to relief, and in many other respects it does not comply with the requirements of good pleading.

■ Accordingly, it will be ordered that the demurrers to counterclaims two and three, and the first ground of the demurrer to counterclaim one in said answer, be dismissed.

■ Since the second ground of the demurrer set out in the answer has been treated by the Court as a motion on the part of the plaintiff for a more definite statement of claim under Rule 12 (e), it will be ordered that the defendant amend his statement of claim (first counterclaim) within ten days from the date of the order filed herein, by setting forth in the amendment with definiteness and certainty that claim which he has attempted to set out as a first counterclaim, and that the plaintiff have ten days from and after the service upon its attorneys of the amended first counterclaim within which to reply or otherwise plead to counterclaim one, as amended, and to counterclaims two and three of said answer.