# Short v. Robinson.

Dec. 5, 1939.

Finley F. Gibson, Jr., and Rodes & Willock for appellant.

William H. Natcher for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

A truck of the appellant, A. R. Short, collided with the automobile of the appellee, Roscoe Robinson, at the east entrance of a one-way bridge over Jennings Creek between Bowling Green and Morgantown. Robinson recovered a judgment for $500 against Short for personal injuries and damage to his machine.

The defendant plead contributory negligence and asserted a counterclaim for damages he sustained by the alleged negligence of the plaintiff. These allegations were not controverted either by reply or of record. The defendant's motions for a peremptory instruction, made at the close of plaintiff's evidence and again at the close of all the proof, were overruled. The court's attention was not called to the absence of traverse of the pleading. The trial proceeded throughout as if an issue of plaintiff's negligence had been formed, the defendant offering an instruction on it. The defendant, as appellant, now claims a reversal of the judgment on the ground that his pleading went undenied.

Section 126 of the Civil Code of Practice provides: "Every material allegation of a pleading must, for the purposes of the action, be taken as true, unless specifically traversed," excepting certain classes which are of

no concern here. We have ruled in actions ex contractu and in suits of equity that a party waives the failure to traverse an affirmative allegation where the case was tried as if the issue had been joined in the pleading, but in tort actions the rule is otherwise. In Louisville & Nashville Railroad Company v. Copas, 95 Ky. 460, 26 S. W. 179, 16 Ky. Law Rep. 14, we held that where the attention of the trial court was not called to the failure to reply, the right of the defendant to make objection to the verdict and judgment against him on that account would be deemed waived. But that case is not regarded authoritative for in all subsequent cases it has been uniformly held that an undenied plea of contributory negligence will be taken as true, that a motion for a peremptory instruction should be sustained on that ground, and that the failure to controvert this plea will not be deemed to have been waived. It does not matter that the defendant introduced evidence to show that the plaintiff was guilty of contributory negligence or that the jury was instructed on that point. Louisville Railway Company v. Hibbitt, 139 Ky. 43, 129 S. W. 319, 139 Am. St. Rep. 464; Lancaster Electric Light Company v. Taylor, 168 Ky. 179, 181 S. W. 967, Ann. Cas. 1918C, 591; Straight Creek Fuel Company v. Mullins, 189 Ky. 661, 225 S. W. 726; Baskett v. Coombs' Adm'r, 198 Ky. 17, 247 S. W. 118.

Because of this error the judgment must be reversed; but the plaintiff should be permitted to file a reply controverting the allegations if he desires and to have a new trial.

As stated the collision occurred at the entrance of a one-way bridge. The plaintiff testified he was about 600 feet from the bridge and going about 30 miles an hour when he first saw the defendant's truck about 1200 feet beyond the bridge coming very fast, about 55 miles an hour. The plaintiff slowed down and then went ahead, considering that he had the right of way and time in which to get across as the defendant's driver had time and space in which to slow down. But the truck driver did not check its speed or do anything until he got to the bridge, when he pulled over to the right of the road, put on his brakes, and commenced sliding and skidding off the road. Then he gave the machine a quick cut to avoid striking the guard rail and pulled to his left and struck the plaintiff's car while it was on its right side of the center of the road and having insuffi-

cient space to go through. Other witnesses sustain the plaintiff in his contention that the collision occurred on his side of the road by perhaps a foot.

The driver of the truck testified that he saw plaintiff coming toward the bridge very fast, about 55 miles an hour. When he was within 50 feet of the bridge he pulled to the right to avoid a collision and came to a stop with the right side of his car on shoulders of the road. Plaintiff came through the bridge and "angled a little toward the right" and hit the truck, pulling the front of it into the highway. Other witnesses sustain the contention of the driver of the truck that the collision occurred on his side of the road by perhaps a foot. Thus we have conflicting evidence as to how and where the accident occurred.

Since there will probably be another trial of the case, we consider the instructions. We have no specific statute relating to the right of way over a one-way bridge or passage too narrow for vehicles moving in opposite directions to pass. Of course, in such situation, the duty devolves upon the operators of both vehicles to exercise ordinary care to prevent collision and in doing so to avoid the contingency of being on the bridge or in the passage at the same time. 2 Blashfield, Cyc. of Automobile Law, Section 904; Pope-Cawood Lumber & Supply Co. v. Cleet, 236 Ky. 366, 33 S. W. (2d) 360. That is the "Law of the Road" which is custom or practice that has become crystallized into an accepted system of rules regulating travel of the highways. Elliott, Roads & Streets, Section 1078; 29 C. J. 653; 42 C. J. 899, 943. It is held generally that the vehicle first entering a narrow bridge or space has the right of way and is entitled to proceed, and it is the duty of the driver of the other vehicle to slacken speed, or, if necessary, to stop. Huddy, Cyc. Automobile Law, Section 119. But often the situation requires that it be determined who has the right of way before either car gets on the bridge. It is commonly thought that of two approaching motor cars that which is nearest to a narrow bridge must be regarded as having the right of way. The custom of the day and practical considerations do not support such conception as to the present law of the road in relation to automobiles, e. g., where a fast moving automobile is meeting a horsedrawn vehicle, or a road roller, or a tractor, or other slow moving vehicle. If the former is one thousand feet from a narrow bridge and the latter

eight hundred feet as the drivers come in sight of one another, custom does not require that the fast car should stop at the entrance and wait for the other vehicle to get across. Nor does it seem the proper criterion should be that the vehicle has the right of way which would probably reach the bridge first by proceeding at the same rate of speed they are moving. That would be sound provided both were running at a reasonable speed. But it would not do to say that a car being operated at such an excessive speed as to be in violation of the law should be given the superior right even though it might be expected to reach the place before another car being operated within the law did. The determining factor is which vehicle proceeding within the law as to speed could be reasonably expected, in the exercise of reasonable care, to reach the point first. Such a car has the right of way. And a motorist may assume in the absence of something to put him on notice to the contrary that another he is meeting will conform to the law, and may act upon that assumption in determining his own manner of using the road. Of course, if by due care he discovers the other motorist in the wrong and cannot or will not yield, he must take precaution to avoid the collision under the "last clear chance" doctrine. 2 Blashfield, Cyc. of Automobile Law, Section 919; 5 Am. Jur., "Automobiles," Sections 291, 299. This would take care of a situation where, regardless of estimates and the exercise of reasonable judgment by either driver, one of them as a matter of fact has practically or actually driven on the bridge before the other. In such a situation it becomes the duty of the latter to stop until the former has crossed over and cleared the way. Pope-Cawood Lumber & Supply Co. v. Cleet, supra.

The plan of instructing the jury on the first trial was to submit in the first instruction the duties of both the plaintiff and the defendant's driver in the operation of the automobiles, which were the same. Paducah Coca-Cola Bottling Company v. Reeves, 261 Ky. 539, 88 S. W. (2d) 39. Then in subsequent instructions the responsibility of each was predicated upon his failure to perform any of those duties. Following that plan, on another trial the basic instruction may be substantially as follows:

"The Court instructs the jury that it was the duty of the plaintiff, Robinson, and the duty of Satterfield, the driver of defendant's truck, at the time

and place stated in the evidence, in the operation of their respective motor cars, to exercise that degree of care usually exercised by ordinarily careful and prudent persons under the same or similar circumstances to prevent them from colliding, and that duty includes the following duties: (a) To drive their respective cars on the right-hand side of the road; (b) to drive same at a reasonable rate of speed, having regard for the traffic and use of the highway; (c) to keep same under reasonable control; (d) in passing the other car each to drive on his right-hand side of the middle of the road so as to give the other car one-half of the road; (e) in approaching the one-way bridge, the driver of the motor vehicle who would probably first reach and enter it by proceeding at a reasonable rate of speed, and exercising ordinary care considering the situation before him, had the right of way; and it was the duty of the driver not having the right of way not to enter the bridge but to drive his car to the right of the middle of the road and to wait for the other car to clear the bridge before proceeding; and it was the duty of the driver of the car having the right of way immediately upon leaving the bridge to drive to his right-hand side of the middle. of the road; and (f) if both cars were so near to the approach to the bridge at the time of the accident as to be practically on it, then it was the duty of each of them not to drive his automobile in excess of 20 miles an hour at the immediate time and place of the accident.''

It is noted that this accident occurred before the effective date of Chapter 106, of the Acts of the General Assembly at its regular 1938 session, by which (Section 8½) Section 2739g-39, of the Statutes, was amended by striking out, among others, the provision that vehicles proceeding from opposite directions meeting on a bridge should not be run at a greater rate of speed than 20 miles an hour. For this reason, subdivision ''f'' of the above instruction will be proper, though it would not be proper where the accident occurred after the statute was amended.

The evidence of the witness, Gott, permitted by the court to be heard by the jury, was competent.

The judgment is reversed.

Whole Court sitting.