## Maggard v. Johnson et al.

May 5, 1950.

L. B. Handley, Judge.

Wilson & Wilson for appellant.

Paul Greer and John E. Richardson for appellees.

CLAY, COMMISSIONER—Reversing.

This action arises out of a three way truck collision. Appellee Johnson recovered $1350 for property damage against appellant and against the owners of the other truck involved.

The initial accident occurred on a bridge when appellant's truck "side-swiped" another of similar type driven by one Barrick. The collision so damaged the former vehicle that its driver lost control of it, traveled a distance of about 75 to 100 feet, and struck Johnson's truck, which was on its right side of the road.

Appellant contends he was entitled to a directed verdict because the accident was caused solely by the negligence of the driver of the Barrick truck, in being slightly left of the center line of the roadway at the time of the initial impact on the bridge.

The evidence shows this bridge was 18 or 20 feet long. It is 16 feet wide, with a curb and bannister. The trucks were 7 feet 6 inches wide.

Appellant claims his driver entered the bridge first by a matter of inches. The driver of the Barrick truck testified he did not know he was over on the wrong side

of the roadway, but calculated his vehicle was left of the center line 2 or 3 inches. Both trucks were of the same type, equipped with tanks for hauling distilled slop. They were both traveling about 30 or 35 miles an hour. The collision took place about the middle of the bridge when the bodies of the trucks came in contact and the dual wheels on the rear "hung together." Neither driver apparently made any attempt to slow down.

Appellant's driver was familiar with this bridge and knew it was a narrow one. He admitted there was "hardly enough room there" for the trucks to pass. He knew the Barrick truck was coming on the bridge, took no special precautions, but as he said, "we both just kept driving."

Negligence cannot be measured in inches. The evidence clearly created an issue of fact as to whether or not appellant's driver exercised due care in attempting to "bull" through this tight situation. We do not think as a matter of fact he was free from negligence; certainly not as a matter of law. A directed verdict for appellant on this ground was properly refused.

The other question in the case is whether or not appellant was entitled to a directed verdict because his plea of contributory negligence was not controverted. Appellees argue strenuously that since the case was tried as if the issue of plaintiff's contributory negligence had been properly raised by the pleadings, and since appellant actually offered an instruction incorporating such defense, he should be deemed to have waived the failure of the plaintiff to deny this charge. The same arguments were made in Short v. Robinson, 280 Ky. 707, 134 S. W. 2d 594; yet we reversed the judgment on the ground that under Section 126 of the Civil Code of Practice this allegation must be taken as true unless traversed.

We are still inclined to follow that rule. Pleadings are designed to limit the issues and give the opposing party notice of claims or defenses he must meet with evidence. Failure to deny a material allegation may very easily mislead the other litigant with respect to the proof he is required to introduce. If we depart from the requirements of Section 126 of the Civil Code of Practice, we would condone a practice which might eventually lead to the emasculation of all rules of procedure.

While the practice of cases should not be a game of technicalities, reasonable rules are necessary for the proper conduct of litigation. The requirement that material allegations of a pleading must be taken as true unless traversed is such a rule. It was not waived in this case, and appellant was entitled to a directed verdict on that ground.

The judgment is reversed with directions to grant appellant a new trial.