**Foster CAUDILL, Appellant,**

v.

**Scott WALLEN et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

Cordell H. Martin, Hindman, for appellant.

Joe Hobson, Prestonsburg, for appellees.

CLAY, Commissioner.

This suit was brought by appellant to collect $500 from a burial fund after the death of his mother whom he claimed as a dependant. Appellees by answer pleaded as a defense that at the time appellant joined the burial fund he falsely and fraudulently misrepresented that his mother was in good health. There were other allegations in the answer setting up other defenses. Appellant failed to reply to this answer and the allegations therein were not controverted.

After a trial the jury returned a verdict for appellant. Thereupon appellees moved for a judgment notwithstanding the verdict on the ground that under Section 386 of the former Civil Code of Practice the pleadings entitled them to judgment. This motion was sustained.

Under the Civil Code of Practice we have often held that proof without pleading is insufficient. In particular it has been held that the allegations of an answer setting up a defense must be taken as true in the absence of some pleading of the plaintiff putting that defense in issue. Brannon v. Scott, 288 Ky. 334, 156 S.W.2d 164; Maggard v. Johnson, 312 Ky. 770, 229 S.W. 2d 764.

Appellant cites several cases which involve *defective* pleadings that may be

cured by a trial of the issues inadequately presented. These cases are obviously not in point because here we have the complete *absence* of any pleading controverting the defenses alleged.

In view of our consistent rulings under the Civil Code of Practice, which are applicable here, the trial court properly entered judgment for appellees.

The judgment is affirmed.