**ASHLAND OIL & REFINING COMPANY,**
Appellant,

v.

**Robert B. HUDSON, Appellee.**

**Conley Ray PHILLIPS, Appellant,**

v.

**Robert B. HUDSON, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1955.

McDonald & McDonald, Lexington, for appellants.

Edward J. Hogan, Louisville, Chat Chancellor, Frankfort, for appellee.

CLAY, Commissioner.

Our decision on this appeal turns upon whether or not the former Civil Code or the new Rules of Civil Procedure should govern the ruling on a motion. The trial court ordered the case practiced under the Civil Code and sustained defendant's motion for judgment notwithstanding the verdict, authorized by Section 386 thereof.

It is contended by plaintiffs that the new Rules were effective, or should have been applied, at the time the motion was passed upon. Since the new Rules do not recognize the former ground of this motion

(though a motion of the same name is provided for by CR 50.02) and since under CR 15.02 the trial court would have been authorized to permit an amendment of the pleadings to conform to the evidence, it is argued the motion should have been overruled.

Plaintiffs in consolidated actions sought personal injury and property damages against defendant arising out of a motor vehicle collision. The former failed by pleading to deny the latter's plea of contributory negligence. A favorable verdict was returned for plaintiffs but final judgments were entered for defendant on the ground the verdict was not supported by the pleadings.

The suits were filed in May and June of 1951. Answers were filed September 1, 1951. The consolidated cases were tried April 21, 1953, and on that same date defendant filed his motion for judgment notwithstanding the verdict. On May 1, plaintiffs tendered replies controverting the material allegations of the answers.

The new Rules became effective July 1, 1953, and at that time the court had not accepted the tendered replies and had not passed upon the motion for judgment. Thereafter on July 7 plaintiffs again moved the court for leave to amend their pleadings, and on July 10 defendant moved that the case be practiced under the Civil Code.

On September 18 the trial court entered an order in conformity with the latter motion and sustained defendant's motion for judgment.

In the final analysis our question is whether or not the trial court acted properly in ordering the case practiced under the Civil Code and in sustaining the motion made under its provisions. The controlling Rule is CR 86. It provides:

"These rules shall take effect on July 1, 1953. They govern all proceedings and actions brought after they take effect, and also further proceedings and actions then pending, except to the extent that in the opinion of the proper court, expressed by its order, their application in a particular action pending when the rules take effect would not be feasible, or would work injustice, in which event the procedure existing at the time the action was brought applies."

This suit was commenced, pleaded and tried under the Civil Code, and defendant's motion for judgment was made when the Code was still in effect. What the trial court and we are asked to do is to apply the new Rules retroactively to a motion made under the Code simply because the motion was ruled upon after July 1, 1953. We have this situation: If a decision on a motion, affecting the ultimate rights of the parties, was made on June 30, 1953, the defendant would have won; if made on or after July 1, 1953 and the new Rules apply, the plaintiffs win. Surely the arrival of the calendar date when our civil procedure was changed should not ipso facto extinguish a recognized right properly asserted under the pre-existing procedure.

The motion under Section 386 of the Civil Code for judgment notwithstanding the verdict on the ground the pleadings do not support the verdict has long been recognized and sustained in the identical procedural situation that existed in this case prior to July 1, 1953. One of the most recent cases upholding a judgment for a defendant grounded upon the failure of the plaintiff to controvert a plea of contributory negligence is Maggard v. Johnson, 312 Ky. 770, 229 S.W.2d 764. It is true we have upheld such judgments reluctantly because they were based upon what, in one sense, is a pleading technicality. It is also true that by the adoption of CR 15.02 this Court has condemned that procedural pitfall and a judgment of this nature on the ground formerly recognized by the Civil Code may no longer be obtained. However, as the case was practiced and tried under the Civil Code, defendant was entitled to a judgment under the established legal principles effective when his motion was made.

By virtue of CR 86, the new Rules govern "further proceedings" in actions commenced prior to July 1, 1953, and it may be said that

a ruling upon a motion after that date, even though it was filed prior thereto, is such a further proceeding. It has been so held under the similar Federal Rule 86. John R. Alley & Co. v. Federal Nat. Bank of Shawnee, Shawnee County, Okl., 10 Cir., 1942, 124 F.2d 995. It has also been held under the Federal Rules that since they abolish the demurrer (as do ours), the court should not pass upon a demurrer after the effective date of the Federal Rules even though the demurrer was filed prior thereto. Weaver v. Mark, 6 Cir., 1940, 112 F.2d 917. However, in both of those cases there was a specific finding that the action taken under the new Rules would not work an injustice. Where it would produce such a result, a Federal Court has ruled on a demurrer after the effective date of the Federal Rules abolishing such a procedural device. Shell Petroleum Corporation v. Stueve, D.C.Minn.1939, 25 F.Supp. 879.

It may be noted that the problem of injustice considered in the above three cases was not as significant as the one before us, since the rulings were upon interlocutory matters, whereas in the present case the ruling on the motion constitutes a final determination of the controversy.

If we were to decide that the new Rules should apply to a motion made by appellee over two months before the new Rules became effective we would do more than recognize a change in a method of procedure. In an ex post facto manner, defendant would be deprived of a judgment to which he was clearly entitled. It cannot be said this would not work injustice.

In addition, it may be pointed out that CR 86 authorizes further proceedings under the prior procedure in the event of lack of feasibility in the application of the new Rules. This is a case where the new Rules simply cannot be applied practicably to the pending motion made under the Civil Code. On this ground also the trial court was justified in entering the order under CR 86.

The fact that appellants attempted to file a pleading after July 1, 1953 before the motion was made to apply the pre-existing procedure did not under Rule 86 irrevocably make the new Rules applicable to all further proceedings.

The judgments are affirmed.