Justin Otto YELL, Plaintiff in Error,

v.

Earl WOOTEN and Curtis Willsie,
Defendants in Error.

No. 39031.

Supreme Court of Oklahoma.

May 16, 1961.

Rehearing Denied June 27, 1961.

Wise & Ivester, Sayre, for plaintiff in error.

Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

BERRY, Justice.

On June 11, 1957, at approximately 2 p. m., plaintiff, Justin Otto Yell, was driving a 1951 Ford truck in a southerly direction

over Highway No. 34 at a point approximately 4 miles South of Carter, Oklahoma. A trailer was attached to the truck upon which a combine was loaded. Plaintiff owned the truck, trailer and combine. The combine, which was approximately 14½ feet wide, was loaded lengthwise on the trailer. In passing over a bridge located on said highway at the point referred to, the combine collided with a tank constructed on a trailer that was being pulled by a tractor. The tank, trailer and tractor were owned by the defendant, Curtis Willsie. The tractor was being operated over said highway in a northerly direction by defendant, Earl Wooten. Wooten operated the truck as Curtis Willsie's agent.

The referred-to bridge which had railings on either side, was approximately 22 to 24 feet wide and approximately 250 feet long. The combine extended over either side of the trailer to the extent that plaintiff's trailer as loaded and defendant's trailer could not pass on the bridge.

The highway curves to the Southwest South of the bridge and to the Northwest North of the bridge. The curves on either side of the bridge and the bridge railings prevented drivers of vehicles approaching the bridge from opposite directions from having a clear view of approaching vehicles prior to the time that their vehicles were near the bridge. Both drivers were familiar with the highway at the point of collision.

In his petition, plaintiff alleged that as a result of the collision he was damaged in that he sustained personal injuries and his combine was materially damaged. He pleaded in said petition that the damages sustained were the direct and proximate cause of defendant's negligence in that the tractor-trailer was driven at a high and excessive speed; that defendants failed to use ordinary and proper care for the safety of others using the highway; that defendants failed to keep the tractor-trailer under control and were unable to stop same within the assured clear distance ahead; that defendants made no attempt to slow the trac-

tor-trailer or break the speed of same as they approached and came upon the bridge and thus allow plaintiff to cross the bridge in safety. Plaintiff prayed for damages in the aggregate amount of $13,004.47.

Defendants filed a joint answer to plaintiff's petition. They alleged therein that the collision resulted from plaintiff's driving his "overwidth vehicle" upon the bridge after the tractor-trailer was driven on same; in plaintiff's operating his truck at a speed which would not permit him to stop it within the assured clear distance ahead; in failing to stop and permit the tractor-trailer to clear the bridge when plaintiff knew or should have known that the "two vehicles could not pass on the bridge"; in failing "to use any type of warning device to warn others using the highway that plaintiff's vehicle was proceeding on" the highway; that said acts of plaintiff were the proximate cause of the collision.

By way of cross-petition, Willsie sought to recover from plaintiff the sum of $1,656 which amount was alleged to represent the cost of repairing his tank.

In his reply to defendants' answer and in answer to Willsie's cross-petition, plaintiff alleged in substance that he denied the allegations of the answer and cross-petition and pleaded further that if plaintiff's tank was damaged, the damages were attributable to defendants' negligence.

The case was tried to a jury. On plaintiff's causes of action the jury returned a verdict in defendants' favor. On defendants' cause of action, the jury returned a verdict in plaintiff's favor. From order denying plaintiff's motion for new trial, he perfected this appeal.

The plaintiff's evidence can be summarized thus: Plaintiff's truck entered upon the bridge prior to defendants' tractor-trailer entering upon same; the collision occurred near the South end of the bridge; Wooten failed to keep a proper lookout as he approached the bridge and operated the tractor-trailer in a careless and negligent manner.

Defendants' evidence can be summarized thus: the tractor-trailer entered upon the bridge prior to plaintiff's truck entering upon same; the collision occurred near the North end of the bridge; defendants' tractor-trailer had been braked to a stop before the collision occurred; plaintiff failed to keep a proper lookout and operated his truck in a careless and negligent manner.

Plaintiff does not contend that the verdict and judgment thereon is contrary to the evidence. Plaintiff's sole claim of error on the trial court's part is that said court erred in refusing to give his only requested instruction, which reads as follows:

"Gentlemen of the Jury:

"You are instructed that where two trucks are meeting on a highway on which highway there is a bridge, and which bridge is not sufficiently wide to allow the trucks and their respective loads to pass each other without collision of loads, the truck which enters first onto the bridge has a right-of-way to continue its way until it has completely cleared said bridge, and it is the duty of the other truck to yield the way across the bridge to the truck first entering thereon, until such truck has reached a point beyond the bridge so that both trucks and their loads can then pass in safety.

"Refused and excepted to by the Plaintiff.

"s/ W. P. Keen
"District Judge."

As we understand plaintiff's contention, he also contends that the matter of which vehicle first entered upon the bridge was a material issue; that the trial court was under a duty to give a specific instruction covering said issue, and since the trial court failed to do so said court erred.

■ As a general rule, a motorist who is the first to reach a bridge or passageway has the right-of-way over an approaching motorist who has not reached the bridge, where the bridge or passageway is so narrow that the motorists cannot pass there-

on. See annotated notes beginning at page 142, 47 A.L.R.2d. If we were to assume that said general rule is applicable in the instant case, which we decline to do for reasons hereafter given, we would nevertheless be of the opinion that the requested instruction fails to properly state the applicable rule. In order to properly state said rule, it is necessary to also state that the motorist who has the right-of-way is under a duty to exercise ordinary care not to injure the motorist who does not have the right-of-way. See 60 C.J.S. Motor Vehicles § 315, p. 731; 5A. Am.Jur. "Automobiles and Highway Traffic", Sec. 304, p. 420, and compare Sinclair Oil and Gas Co. et al. v. Armour, 172 Okl. 442, 45 P.2d 754. This was not done in the requested instruction and for said reason the trial court did not err in refusing to give said instruction.

There remains for consideration plaintiff's contention that the trial court committed fundamental error in not giving an instruction on the issue under consideration.

■ We are of the opinion that the general rule heretofore referred to only applies when the vehicles involved are of customary dimensions; that the rule is inapplicable in cases such as this where one of the vehicles is overwidth and this is the sole reason that the vehicles cannot pass on the bridge or passageway.

■ In the instant case, plaintiff had knowledge of the width of the load on his trailer and he was under a duty to take the width of the load into consideration and use due care in attempting to pass over the bridge. In 5A Am.Jur. "Automobiles and Highway Traffic", Sec. 254, p. 388, this is said:

"The size and weight of motor vehicles are important factors in determining questions of negligence and contributory negligence in cases arising from collisions. Drivers of these vehicles have knowledge of their width and length, and clearly owe other travelers on the highway the duty to take these elements into consideration in the operation of their vehicles. * * * "

See also Commercial Carriers, Inc. et al. v. Small, 277 Ky. 189, 126 S.W.2d 143.

In the last cited case, this is said at page 145 of the cited Reporter:

"(2, 3) While the general standard of diligence of a driver of an automobile is always said to be ordinary care, one driving a large machine 8 feet wide —nearly 3 feet wider than the usual passenger car—must take that fact into consideration as he endeavors to exercise ordinary care in its operation. This trailer was the maximum width permitted by the statute, that is, 96 inches. 2739g—84, Kentucky Statutes. The appellant relies upon Pope-Cawood Lumber & Supply Company v. Cleet, 236 Ky. 366, 33 S.W.2d 360, and insists that the truck had the right of way over the bridge since it was closer to the bridge when the driver saw the other car approaching. The facts in the Cleet case are materially different. The collision occurred on a one way bridge. This did not. The bridge at which this accident occurred was practically as wide as the road and two cars of ordinary size could easily pass. Beyond this, the accident was primarily caused by the switching of the trailer against the car when the truck was swerved to the right.

"(4, 5) It does not seem to us the court erred in refusing to give either a peremptory instruction for the defendant, or the offered specific instruction in substance that, the truck having entered the bridge first, it was the duty of the driver of the passenger car for the plaintiff not to enter thereon nor the immediate approach thereto unless the same was of sufficient width to afford reasonable clearance for the passage of both cars in safety."

Plaintiff did not except to the instructions given by the court and for that matter neither did the defendants. After having carefully examined said instructions, we are of the opinion that the jury, as to plaintiff's theory of the case, was properly instructed on the law applicable to the issues presented under the pleadings and the evidence.

Affirmed.